Eugene G. Iredale (SBN 75292)
Julia Yoo (SBN 231163)
IREDALE & YOO, APC
105 West F Street, 4th Floor
San Diego, CA 92101
Tel:  (619) 233-1525
Fax:  (619) 233-3221

Attorneys for Defendant,
ROBERT MCKANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(Hon. William Q. Hayes)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>ROBERT MCKANY,<br><br>  Defendant. | Case No. 13-cr-00668-WQH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**<br><br>Date: November 10, 2014<br>Time: 2:00 p.m. |

# I
# FACTS

On November 2, 2011, ICE agents executed a search warrant at 1266 Summer Ave. Apartment B in El Cajon, California. The agents questioned, but did not arrest, Robert McKany.

On November 1, 2012, a complaint was filed against Mr. McKany in Case No. 12-cr-04960-WQH (Docket No. 1). On that same date. the magistrate judge issued an arrest warrant based on the complaint (Docket No. 3). The arrest warrant was executed on November 7, 2012. On November 8, 2012, Mr. McKany appeared before the magistrate judge. On November 15, 2012 the parties stipulated to a personal surety bond with $75,000 cash deposit made by the surety. The conditions of release included pretrial supervision, surrender of passport,

1  submission to psychiatric or psychological counseling as specified by Pretrial
2  Services, participation in the computer monitoring program with monitoring
3  software installed, and GPS monitoring (Docket No. 12). Mr. McKany appeared
4  before this Court for the first time on January 7, 2013 (Docket No. 25).  Mr.
5  McKany next appeared in District Court on March 25, 2013, at which time the
6  government dismissed the previously filed information in Case No. 12-CR-4960
7  because the indictment had been filed in this case, 13-cr-00668-WQH.  Mr.
8  McKany has made multiple appearances before the Court, attending evidentiary
9  hearings, legal arguments, and status hearings.  He has never missed a court date.
10 On February 18, 2014, Mr. McKany entered a conditional plea of guilty pursuant
11 to Federal Rule of Criminal Procedure 11(a)(2).  The Court imposed sentence on
12 Mr. McKany on October 17, 2014.
13     As confirmed by the probation report in this case, Mr. McKany is a
14 38-year-old United States citizen.  Mr. McKany was born and raised in San Diego,
15 and currently lives with his father at the same address where the search warrant
16 was executed in 2011.  Mr. McKany had no record of any contact with the
17 criminal justice system before this case.  The pre-sentence report verifies that
18 Mr. McKany has been in compliance with the conditions of his release since his
19 release on bail in November, 2012. Mr. McKany has two siblings: a sister, age 43
20 and a brother, age 40.  His sister lives in San Diego County and is a homemaker.
21 Mr. McKany's family members, including his mother and father, are supportive of
22 him.  Mr. McKany has lifelong residence in San Diego County.  He has a
23 consistent record of employment.  From 2011 to the present time, he has worked
24 as a manager at his father's business, Alpine Liquor in Alpine, California.  He
25 worked from 2007 to 2011 as a commercial pilot at Republic Airlines.  From 2002
26 to 2004, he worked as a flight instructor at California Flight Academy in El Cajon.
27
28     Dr. Clark Clipson, Ph.D., a psychologist, has submitted an assessment of

Mr. McKany. He found that Mr. McKany is at a low risk for recidivism, and is likely to be compliant with any terms of community supervision. Dr. Clipson does not believe Mr. McKany to be a dangerous person. He found him to be at low risk to commit an offense or to view child pornography in the future.

## II
## MR. MCKANY QUALIFIES FOR BAIL PENDING APPEAL

18 U.S.C. §3142(g) sets forth the relevant factors to the determination of appropriate conditions of release. Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, including his character, physical and mental condition, family ties, employment, family resources, community ties, past history, history of drug or alcohol abuse, criminal history, record of appearance at any court proceedings, and the nature and seriousness of any danger that the person's release would present to the community.

The standards for release or detention pending appeal by the defendant are set forth in 18 U.S.C. §3143(b). That section provides that a defendant who has been sentenced to a term of imprisonment shall be detained, unless by clear and convincing evidence, the judicial officer determines that the person is not likely to flee, or pose a danger to the safety of another person or the community if released pursuant to 18 U.S.C. §3142(b) or (c); that the appeal is not for the purpose of delay; and that the appeal raises a substantial question of law or fact likely to result in reversal or an order for new trial. If the judicial officer makes such findings, the person is to be ordered released in accordance with §3142(b) or (c).

The facts of this case demonstrate by clear and convincing evidence that Mr. McKany is not likely to flee or pose a danger to the safety of any person or the community if released on bail pending appeal. Mr. McKany is a person with a lifelong ties to San Diego County, a consistent record of employment, a lifetime

history of law-abiding conduct, substantial and supportive family ties, no problem regarding drug or alcohol abuse, and a record of compliance with the requirements of his pre-trial release. Over the past two years, he has made all his court appearances in a timely manner, and has conducted himself appropriately and respectfully.  He has not violated any law during that time.  He has committed no other offenses.  The psychological evaluation submitted shows that he is at low risk for the commission of an offense in the future.  Mr. McKany has attended counseling sessions as part of his pretrial release.  He has been compliant with the requirements of that program, and is sincere and enthusiastic in his participation.

The execution of the search warrant, which was the basis of the criminal charge in this case, occurred over three years ago.  The government did not file charges for a year after the seizure of evidence.  During that year, Mr. McKany made no effort to flee.  He was arrested in San Diego.  Mr. McKany appeared for sentencing in this case and will be present for this motion.  He continues to be subject to electronic monitoring and remains in full compliance with the conditions of release set two years ago.

### III
### THE APPEAL IN THIS CASE WILL RAISE SUBSTANTIAL ISSUES

The controlling Ninth Circuit decision on bail pending appeal is *United States v. Handy*, 761 F.2d 1279 (9th Cir. 1985).  The Handy Court noted that it was interpreting for the first time the meaning of the phrase "a substantial question of law or fact likely to result in a new trial."  The trial court had found that Handy had established by clear and convincing evidence that he was not likely to flee or pose a danger to the safety of another person or the community once released, that Handy's appeal was not for the purpose of delay and did raise a substantial question of law.  The district judge, however, denied bail on the grounds that he did not view the reversal to be "likely." Handy appealed.  In construing the legal

4

standard for bail on appeal, the Handy Court held:

> [1] The government contends that the disputed phrase plainly limits **bail pending appeal** to defendants who can demonstrate that they will probably prevail on appeal. Handy argues that, properly interpreted, "substantial" defines the *level of merit* required in the question presented and "likely to result in reversal or an order for a new trial" defines the *type of question* that must be presented. The Third Circuit has recently adopted the view urged by Handy, *United States v. Miller*, 753 F.2d 19 (3d Cir. 1985), as has the Eleventh Circuit, *United States v. Giancola*, 754 F.2d 898 (11th Cir. 1985). We adopt that interpretation of the statute as well.
>
> [2] The construction of the phrase suggested by the government is untenable for a number of reasons. First, the meaning the government would have us give the phrase is *precisely* the meaning the phrase would have if the word "substantial" were deleted, i.e., if the statute limited bail to cases in which "the appeal is not for purpose of delay and raises a question of law of fact likely to result in reversal or an order for a new trial." A statute should be construed so as to avoid making any word superfluous. *Yamaguchi v. State Farm Mutual Automobile Insurance Co.*, 716 F.2d 940, 946, (9th Cir. 1983); *United States v. Mehrmanesh*, 689 F.2d 822, 829 (9th Cir. 1982)
>
> Second, Congress did not intend to limit **bail pending appeal** to cases in which the defendant can demonstrate at the outset of appellate proceedings that the appeal will probably result in reversal or an order for a new trial. The legislative history states that the purpose of the statute is to require "an affirmative finding that the chance for reversal is substantial." S.Rep. No. 98-225, 98th Cong., 2d Sess. 27, *reprinted in* 1984 U.S. Code Cong. & Ad.News 3182, 3210. As we discuss further *infra*, a showing that the chance of reversal is substantial is, of course, very different from a showing that reversal is more likely than not.
>
> Finally, requiring the defendant to demonstrate to the district court that its ruling is likely to result in reversal is tantamount to requiring the district court to certify that it believes its ruling to be erroneous. Such an interpretation of the Act would make a mockery of the requirement of Fed.R.App.P. 9(b) that the application for bail be made in the first instance in the district court. We do not think Congress intended to invalidate that requirement *sub silento* and thereby to vest exclusive authority over post-sentencing bail motions in appellate courts. In fact, the new version of 28 U.S.C. §3141 adopted in the Act, *see* Bail Reform Act of 1984, Pub.L.

>No. 98-473, §203, 98 Stat. 1981, makes it plain that such was not the intent of Congress.
>
>For the above reasons, we reject the government's proposed construction of the statute. Like the Third and Eleventh Circuits, we find that the word "substantial" defines the level of merit required in the question raised on appeal, while the phrase "likely to result in reversal" defines the type of question that must be presented.

*761 F.2d at 1280-1281*

The Handy court ruled concerning the construction of the phrase "substantial question," specifically noting as follows:

>Next, we examine the closely related issue of how much merit there must be a question in order for a court to find it to be a "substantial question." An excessively strict interpretation of the term could result in giving the statute precisely the effect we have already rejected. Fortunately the issue is hardly a new one for the courts; nor does it appear to be one of particular difficulty.
>
>Historically the phrase "substantial question" has referred to questions that are "fairly debatable." Included within this definition have been questions that are novel and not readily answerable.
>
>>The question may be "substantial" even though the judge or justice hearing the application for bail would affirm on the merits of the appeal. The question may be new and novel. It may present unique facts not plainly covered by the controlling precedents. It may involve important questions concerning the scope and meaning of decisions of the Supreme Court. The application of well-settled principles to the facts of the instant case may raise issues that are fairly debatable.
>
>*D'Aquino v. United States*, 180 F.2d 271, 272 (11th Cir. 1950) (Douglas, Circuit Justice). In *Herzog v. United States*, 75 S.Ct. 349, 351, 99 L.Ed. 1299 (1955), Circuit Justice Douglas stated:
>
>>[T]he first consideration is the soundness of the errors alleged. Are they, or any of them, likely to command the respect of the appellate judges? It is not enough that I am unimpressed. I must decide whether there is a school of thought, a philosophical view, a technical argument, an analogy, an appeal to precedent or to reason commanding respect that might possibly prevail... A question may nevertheless be "substantial"... if

6

> it is novel, or if there is a contrariety of views concerning it in the several circuits, or if the appellate court should give direction to its district judges on the question, or if in the interests of the administration of justice some clarification of an existing rule should be made...
>
> *761 F.2d at 1281*

Handy summarized as follows:

> [3] We conclude that a "substantial question" is one that is "fairly debatable," *D'Aquino v. United States*, 180 F.2d at 272; *accord Barefoot v. Estelle*, 103 S.Ct. At 3394 n. 4, or "fairly doubtful," *United States v. Miller*, 753 F.2d at 23. "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Giancola*, 754 F2d at 901; accord Barefoot v. Estelle, 103 S.Ct at 3394; *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977).
>
> To summarize, we adopt the interpretation of the 1984 Bail Act first set forth by the Third Circuit in Miller. As both the Third and Eleventh Circuits have stated, under the 1984 Bail Act a court must find the following to grant **bail pending appeal**:
>
> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.
>
> *Giancola*, 754 F.2d at 901; *Miller*, 753 F.2d at 24
>
> *761 F.2d at 1283*

Under the plea agreement in this case, the defendant has the right to appeal three issues in this matter. The first concerns the admissibility of statements; the second the admissibility of evidence seized under the warrant; and the third, whether the Double Jeopardy Clause precludes a sentence on both counts three

and five. If he prevails on any issue, he has the right to obtain the withdrawal of his plea. The Court has considered and ruled on all of these issues after hearing evidence, permitting supplemental briefing and considering the oral arguments of both parties. Although the court denied the motions, the issues raised by the defendant were clearly not frivolous and presented fairly debatable issues under the controlling precedent of Handy. Therefore, the issues in this case are of sufficient weight to satisfy the requirements of 18 U.S.C. §3143.

## IV
## MR. MCKANY REQUESTS THAT THE COURT ADMIT HIM TO BAIL PENDING APPEAL ON A $300,000 FULLY SECURED PERSONAL SURETY BOND

The current bond is a $75,000 personal surety bond. Mr. McKany requests that the Court admit him to bail pending appeal on a personal surety bond of $300,000, fully secured by the $75,000 cash already deposited by the surety and by a deed of trust to property having equity in the amount of at least $225,000.

Respectfully submitted,

Date: October 24, 2014

/s/ Eugene G. Iredale
Eugene G. Iredale
Attorney for Defendant
Robert McKany